Per Curiam.

Petitioner bases Ms right to release on the alleged facts that he was not advised of his right to or offered counsel, and that he entered a plea of guilty without the assistance of counsel, offering in support of his contention the case of Doughty v. Maxwell, Warden, 11 L. Ed. (2d), 650, 84 S. Ct., 702.
A determination of the issues raised by petitioner requires a consideration of the evidence adduced to support or deny petitioner’s claim that he was neither informed of nor waived his right to counsel.
It appears from the state’s evidence as hereinbefore described that the uniform practice in that court was to explain to an accused his right to counsel at least twice.
What did petitioner offer to counterbalance this evidence of a well established custom? The only evidence presented was the uncorroborated statement of petitioner that the court did not inform him of his right to or offer him counsel. This, at the best, is a self-serving declaration. When such statement is considered in relation to petitioner’s background of previous arrests and convictions, the evasiveness of his testimony in relation to such prior events, the inconsistencies between his statement at the hearing that he was promised probation and the statement he gave when he entered the penitentiary that he told the court he did not want probation, and the sheer incredibility of some of Ms testimony, it certainly is not sufficient to overcome the evidence presented by the state of the established customary mode of procedure in criminal cases. This is especially true when the state’s evidence is considered in conjunction with the well known procedure in such cases throughout the state and the mandatory provisions of our statutes with reference to the appointment of counsel for an indigent.
Under the evidence presented, the oMy reasonable conclusion that may be reached is that petitioner was fully informed of Ms constitutional right to counsel.
We next turn our attention to whether it may be held that petitioner, having been informed of Ms right to counsel, knowingly and intelligently waived counsel.
*87 To determine whether petitioner intelligently waived couniel, it is necessary to examine the background and statements >f the petitioner and the reason back of his plea of guilty.
Petitioner is an intelligent well educated person with some jollege training and broad personal experiences.
Petitioner at the time of his conviction was 29 years of age, According to his own testimony herein, he was a high school graduate and had spent approximately two years in various coleges, studying sociology and theology. He had spent six and me-half years in the United States Army where he attained the jrade of warrant officer, serving part of the time as a military Doliceman. While in the army, he had taken various courses in sociology and theology and even lectured on sociological prob-ems.
Over the objection of his counsel, he testified that he had seen arrested some 12 times on various charges, on some of which he was released without the charges being pressed and to others he pleaded guilty. He has never, so far as was brought aut, served time in any institution. He testified that he knew be could have an attorney if he had the money to pay for one. Petitioner made no comment as to his knowledge of whether he knew that he was entitled to have an attorney appointed by the court to represent him.
With such evidence of petitioner’s education, experience and background, it can be concluded only that he coldly and ealculatedly pursued the course he did, fully aware of his rights, and voluntarily waived them with the hope that such conduct would procure probation for him.
The only reasonable conclusion that can be drawn from the evidence in this case is that petitioner’s constitutional rights were fully explained to him, and that he knowingly and intelligently waived such rights.
So far as the contention of the petitioner that the assistant prosecuting attorney told him that he would get probation if he pleaded guilty is concerned, we are faced with the same situation as that on the question of counsel. On one hand, is the uncorroborated statement of the petitioner, on the other, is the testimony of the law-enforcement officers that not only is no one ever told that probation will be granted if a guilty plea *88 is entered, but, also, that they have no contact with anyone un der indictment until the accused is actually called before th< court for arraignment. Once again, the evidence presented bj the state far outweighs that of petitioner, and it cannot be founc that this point is well taken.
From the evidence presented it can be determined 011I3 that petitioner’s rights were completely protected in this case
Even in the absence of such compelling evidence, the de cisión in Conlan v. Haskins, Supt., 177 Ohio St., 65, would compel a denial of petitioner’s right to release. In that case, it was held that the custom of protecting an accused’s right to counsel is so well established in the Ohio courts that judicial notice car be taken thereof, and that an uncorroborated statement of a petitioner is not sufficient to demonstrate that such right to counsel was denied.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, Griffith and Herbert. JJ., concur.
0 ’Neill and Gibson, JJ., dissent.